# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                   Case No. 2:19-cr-01952-JCH

ROBERT ACEVEDO,

    Defendant.

### MEMORANDUM OPINION AND ORDER DENYING
### DEFENDANT'S MOTION FOR SENTENCE REDUCTION

In the summer of 2019, Defendant Robert Acevedo pled guilty to a one-count Information charging him with Conspiracy to Transport an Illegal Alien, contrary to 8 U.S.C. §§ 1324(a)(1)(A)(v)(I), (a)(1)(A)(ii), and (a)(1)(B)(i). *See* Doc. 33 at 1 (Clerk's Minutes of Plea Hearing); Doc. 34 at 3 ¶ 2. Now, roughly five years after he was sentenced, Acevedo proceeds pro se in seeking a reduced sentence pursuant to 18 U.S.C. 3582(c)(2) and Amendment 821 of the United States Sentencing Guidelines ("Guidelines").[1] *See generally* Doc. 53 ("Motion"). The United States opposes. *See generally* Doc. 54. After careful review of the record, the briefing, and the relevant law, and being otherwise fully informed, the Court will deny the Motion for the reasons explained below.

### BACKGROUND

According to the Presentence Report ("PSR") prepared by United States Probation ("Probation"), Acevedo's base offense level for his conspiracy conviction was 38, pursuant to

---

[1] The Federal Public Defender, after reviewing the motion for eligibility under Amendment 821 (pursuant to Administrative Order No. 23-MC-00004-22), declined to file a motion on Acevedo's behalf. Doc. 55 at 1.

U.S.S.G. § 2L1.1. Doc. 34 at 5 ¶ 18 (noting the cross reference at U.S.S.G. §§ 2L1.1(c)(1) and 2A1.2 were used). The PSR suggested a combined three-level reduction for Acevedo's acceptance of responsibility under U.S.S.G. §§ 3E1.1(a) and (b), resulting in a total offense level of 35. *Id.* ¶¶ 25-27. Also, Acevedo had a subtotal criminal history score of 15. *Id.* at 12 ¶ 46. Because he committed the crime of conviction "while under a criminal justice sentence," two points were added to his criminal history score pursuant to U.S.S.G. § 4A1.1(d). *Id.* ¶ 47. Ultimately, Acevedo had a total criminal history score of 17. *Id.* ¶ 48. According to the Guidelines sentencing table, that score placed him in a criminal history category of VI. *Id.*

Based upon his total offense level of 35 and the criminal history category of VI, the advisory guideline imprisonment range was 292 to 365 months. *Id.* at 17 ¶ 69. Yet, the statutorily authorized maximum term of imprisonment for his conviction was ten years—far less than the minimum of the applicable guideline range. *Id.* (citing U.S.S.G. § 5G1.1(a)). The Court ultimately sentenced Acevedo to the statutory maximum penalty of 120 months imprisonment. Doc. 49 at 2.

## DISCUSSION

A district court does not have inherent authority to modify a previously imposed sentence except in very limited circumstances. *See United States v. Mannie*, 971 F.3d 1145, 1148 (10th Cir. 2020). One such circumstance is codified at Section 3582(c)(2), which provides that a sentence may be reduced "'in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)' and made retroactive pursuant to [28 U.S.C.] § 994(u)." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (quoting Section 3582(c)(2)); *accord United States v. Piper*, 839 F.3d 1261, 1266 (10th Cir. 2016). So, once the Commission makes an amendment to

2

the Guidelines retroactive, then Section 3582(c)(2) authorizes a district court to reduce an otherwise final sentence.

Prior to November 1, 2023, the Guidelines assessed two criminal history points, known as "status points," for an offense committed "while [the defendant was] under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S.S.G. § 4A1.1(d) (pre-amendment). The Commission altered this "status points" provision when Amendment 821 (Part A) went into effect on November 1, 2023. The amended language provides:

> Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

U.S.S.G. § 4A1.1(e). In other words, a person who has seven or more criminal history points now receives only one additional "status point," rather than two. And a defendant who was assessed six or fewer criminal history points receives no status points.

Under Part B of Amendment 821, U.S.S.G § 4C1.1(a) now provides a two-offense-level reduction for offenders who present with zero criminal history points, if the offender satisfies ten prerequisites for eligibility. *See* U.S.S.G. § 4C1.1(a)(1)-(10). The Commission made both Part A and B of the Amendments retroactive. *See* U.S.S.G. § 1B1.10(d). Here, Acevedo seeks a reduced sentence based on Part A.[2] *See* Doc. 53 at 1.

The Court follows a two-step inquiry to make this determination: (1) decide whether a reduction is consistent with applicable policy statements issued by the Commission in U.S.S.G.

---

[2] Part B is inapplicable because Acevedo was not a zero-point offender and had a criminal history score of 17. Doc. 34 at 17 ¶ 69. Therefore, Acevedo is ineligible for the retroactive zero-point offender adjustment.

3

§ 1B1.10; and (2) consider whether the authorized reduction is warranted by the factors set forth in 18 U.S.C. § 3553(a). *See Dillon*, 560 U.S. at 824-26; *United States v. Green*, 886 F.3d 1300, 1306-07 (10th Cir. 2018). Here, the Court need only address the first step for the following two reasons.

First, Acevedo's criminal history category is unchanged after applying Part A of the Amendment. As outlined in the PSR, Acevedo was initially assessed 15 criminal history points before he received any status points. Doc. 34 at 12 ¶ 46. Then, Probation added two status points because Acevedo was under a criminal justice sentence at the time he committed the offense of conviction. *Id.* ¶ 47 (citing U.S.S.G. § 4A1.1(d)). This resulted in a total of 17 criminal history points which, in turn, correlated to a criminal history category of VI. *Id.* ¶ 48.

Now, after applying Part A to Acevedo's total criminal history points, he receives a one-point reduction. § 4A1.1(e). This resulting total of 16 criminal history points also correlates to a criminal history category of VI. Because Acevedo's sentencing guideline range is unchanged despite the one-point decrease in his criminal history score, the advisory guideline imprisonment range does not change. As the Guidelines provide, "[a] reduction in the defendant's term of imprisonment is . . . not authorized under 18 U.S.C. § 3582(c)(2), if" either Part A or B of the Amendment does "not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). *See, e.g.*, *United States v. Sharkey*, 543 F.3d 1236, 1239 (10th Cir. 2008) (affirming the district court's denial of the defendant's sentence reduction request because the pertinent amendment had "no effect on the Guideline [the defendant] was sentenced under"). Accordingly, the Court will deny the Motion on this basis.

Second, as the Government notes, Acevedo was sentenced to the statutory maximum term of imprisonment (10 years), rather than a term within the advisory sentencing guideline range

(292-365 months). *See* Doc. 54 at 3 n.1; Doc. 34 at 17 ¶¶ 68-69; 8 U.S.C. §§ 1324(a)(1)(A)(v)(I), (a)(1)(B)(i) (outlining the maximum term of imprisonment for conspiracy to transport an illegal alien). Indeed, the ultimate 120-month sentence was well below the advisory guideline range. *See* Doc. 49 at 2. In this way, Acevedo's sentence was not "based on" a subsequently lowered guideline range. *See, e.g.*, *United States v. Fernandez*, No. 08-10141-01, , at *2 (D. Kan. July 12, 2019) (denying the defendant's sentence reduction request where "maximum statutory sentence for the crime of conviction was 240 months" but the guideline range "would have been 360 months-life imprisonment"). The Court will deny Acevedo's request on this basis as well.

**IT IS THEREFORE ORDERED** that Defendant Robert Acevedo's pro se Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(2) and Amendment 821 to the Federal Sentencing Guidelines, Doc. 53, is **DENIED**.

_____
SENIOR UNITED STATES DISTRICT JUDGE

5